

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*     *973-645-2700*
*Newark, New Jersey 07102*

May 22, 2023

Michael J. Pappa, Esq.
25 Village Court
Suite 1
Hazlet, New Jersey 07730

    Re: <u>Rule 11(c)(1)(C) Plea Agreement with Lakief Grayson</u>
       Criminal No, 20-205-06

Dear Mr. Pappa:

  This letter sets forth the plea agreement between your client, Lakief Grayson ("GRAYSON"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on June 15, 2023, if it is not accepted in writing by that date. If GRAYSON does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charges</u>

  Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from GRAYSON to Counts One, Two, Three, and Four of the Superseding Indictment, Criminal No. 20-205, which charge GRAYSON with: (1) in Count One, Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d); (2) in Count Two, unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (3) in Count Three, possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (4) in Count Four, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

  If GRAYSON enters a guilty plea and is sentenced on these charges to **a term of imprisonment within the range of 10 to 15 years, followed by 5 years' supervised release** (the "Stipulated Range") and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against GRAYSON for his involvement with the Marion Gardens street gang between 2011 and 2021, as set forth in the Superseding Indictment. But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against

GRAYSON even if the applicable statute of limitations period for those charges expires after GRAYSON signs this agreement, and GRAYSON agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, GRAYSON may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), GRAYSON will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1962(d) set forth in Count One of the Superseding Indictment, to which GRAYSON agrees to plead guilty carries a statutory maximum prison sentence of life imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000 or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 922(g)(1) set forth in Count Two of the Superseding Indictment, to which GRAYSON agrees to plead guilty, carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 21 U.S.C. § 841 set forth in Count Three of the Superseding Indictment, to which GRAYSON agrees to plead guilty, carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to GRAYSON.

The violation of 18 U.S.C. § 924(c)(1)(A)(i) set forth in Count Four of the Superseding Indictment, to which GRAYSON agrees to plead guilty, carries a statutory mandatory minimum prison sentence of 5 years and a statutory maximum prison sentence of life imprisonment, which term of imprisonment must run consecutively to any other prison term imposed, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentence on Count Four must run consecutively to any prison sentence imposed on any other count. The prison sentences on Counts One, Two, and Three may run consecutively to each other or to any prison sentence GRAYSON is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and GRAYSON agree that **a sentence within the Stipulated Range** is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court **must** sentence GRAYSON **to at least 10 years' imprisonment and no more than 15 years' imprisonment and 5 years' supervised release**.

Further, in addition to imposing any other penalty on GRAYSON, the sentencing judge as part of the sentence:

(1) will order GRAYSON to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order GRAYSON to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 924(d)(1), 1963(b), 28 U.S.C. § 2461, and 21 U.S.C. § 853;

(4) In drug cases may deny GRAYSON certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) If GRAYSON violates any of the conditions of supervised release before the expiration of its term, GRAYSON may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and he may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. 3663 and 3663A, GRAYSON agrees to make full restitution for all losses resulting from the offenses of conviction, which will be determined around the time of sentencing. GRAYSON understands that restitution will be due immediately upon sentencing. GRAYSON agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party. GRAYSON agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. GRAYSON agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven

days of the event giving rise to the changed circumstances. GRAYSON expressly authorizes the U.S. Attorney's Office to obtain a credit report on him.

Forfeiture

As part of his acceptance of responsibility and pursuant to: (i) 18 U.S.C. § 1963(b), GRAYSON shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the offense charged in Count One of the Superseding Indictment; (ii) 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), GRAYSON shall forfeit to the United States, any firearms and ammunition involved in or used in the commission of the offenses charged in Counts Two and Four of the Superseding Indictment; and (iii) 21 U.S.C. § 853(p), GRAYSON shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in Count Three of the Superseding Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense. Such property includes, but is not limited to, a .45 caliber Springfield Armory semi-automatic handgun, bearing serial number XS601923, and seven rounds of .45 caliber ammunition (the "Forfeitable Property").

GRAYSON acknowledges that the Forfeitable Property was involved or used in his knowing violations of 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(i), and thus is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

GRAYSON further agrees to consent to the immediate entry of an order of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. GRAYSON understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. GRAYSON hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

GRAYSON consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all right, title, and interest in the Forfeitable Property and waives: (1) all challenges of any kind to the forfeiture and abandonment of the Forfeitable Property; and (2) any additional notice requirement in connection with the forfeiture and abandonment of the

Forfeitable Property. GRAYSON also consents to the destruction of the forfeited and abandoned Forfeitable Property at the discretion of federal, state, and/or local law enforcement.

GRAYSON further consents to the administrative and/or civil judicial forfeiture of the any property forfeited pursuant to 21 U.S.C. § 881 and/or 18 U.S.C. § 981(a). GRAYSON agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving any forfeited property and will not cause or assist anyone else in doing so. To the extent GRAYSON has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving forfeited property, such claims or petitions are hereby deemed withdrawn. GRAYSON further agrees to take all necessary steps to pass clear title to any property forfeited pursuant to 21 U.S.C. § 853 to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

GRAYSON waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the defendant prior to the defendant's sentencing. GRAYSON understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of GRAYSON's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. GRAYSON hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on GRAYSON by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of GRAYSON's activities and relevant conduct with respect to this case.

Stipulations

This Office and GRAYSON will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes **a sentence within the Stipulated Range**, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, GRAYSON will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1)   Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim GRAYSON pursues in an appropriate forum, when permitted by law, that GRAYSON received constitutionally ineffective assistance of counsel.

Immigration Consequences

GRAYSON understands that, if GRAYSON is not a citizen of the United States, GRAYSON's guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making GRAYSON deportable, excludable, or inadmissible, or ending his naturalization. GRAYSON understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. GRAYSON wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause GRAYSON's removal from the United States. GRAYSON understands that GRAYSON is bound by this guilty plea regardless of any immigration consequences. Accordingly, GRAYSON waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. GRAYSON also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against GRAYSON. Thus, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

## No Other Promises

This agreement constitutes the entire plea agreement between GRAYSON and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: DESIREE L. GRACE
Assistant U.S. Attorney

APPROVED:

JAMEL K. SEMPER
Deputy Chief, Criminal Division

I have received this letter from my attorney, Michael J. Pappa, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 6-14-23
LAKIEF GRAYSON

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 6-14-23
MICHAEL J. PAPPA, ESQ.
Counsel for Defendant

<u>Rule 11(c)(1)(C) Plea Agreement with Lakief Grayson</u>

<u>Schedule A</u>

This Office and GRAYSON agree to stipulate to the following facts:

1. Since at least as early as 2011 continuing through in or around June 2021, GRAYSON was a member of and associated with the neighborhood street gang that operated in and around the Marion Gardens Housing Complex in Jersey City, New Jersey (the "Marion Gardens Enterprise").

2. As a member and associate of the Marion Gardens Enterprise, GRAYSON agreed with at least one other person to conduct and to participate, directly and indirectly, in the conduct of the Marion Gardens Enterprise's affairs through a pattern of racketeering activity. As part of the racketeering conspiracy, GRAYSON agreed to personally participate in, and in fact participated in, at least two racketeering acts.

3. On or about April 19, 2013, GRAYSON falsely testified under oath and pled guilty to a weapons charge related to the murder of Victim A.C., notwithstanding that he was not present for that murder.

4. On or about April 17, 2017, GRAYSON distributed and possessed with intent to distribute cocaine base within the Marion Gardens Housing Complex.

5. On or about November 5, 2017, GRAYSON aided and abetted the aggravated assault shooting of victim C.C. in the area of Van Nostrand Avenue and Bergen Avenue.

6. On or about February 9, 2018, GRAYSON knowingly possessed with intent to distribute 125 bags of heroin, one bottle of cocaine, as well as two digital scales, and other packaging material within the Marion Gardens Housing Complex.

7. On or about February 9, 2018, GRAYSON knowingly possessed a Springfield Model XDS .45 caliber semi-automatic handgun, bearing serial number XS601923 (the "Firearm"), loaded with seven rounds of .45 caliber ammunition (the "Ammunition").

8. On or about February 9, 2018, GRAYSON knowingly possessed the Firearm in furtherance of his possession with intent to distribute controlled substances.

On or about February 9, 2018, GRAYSON possessed the Firearm and Ammunition knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and thus he knew he was prohibited from possessing the Firearm and Ammunition.